# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-1341**                                         **September Term, 2023**

FERC-ER21-1116-002
FERC-ER21-1117-002
FERC-ER21-1121-002
FERC-ER21-1119-002
FERC-ER21-1120-002
FERC-ER21-1111-002
FERC-ER21-1114-002
FERC-ER21-1112-002

**Filed On: May 3, 2024** [2052748]

Advanced Energy United, Inc., et al.,

       Petitioners

    v.

Federal Energy Regulatory Commission,

       Respondent

------------------------------

Alabama Power Company, et al.,
       Intervenors

### O R D E R

Upon consideration of the motion for leave to intervene filed by:

Tampa Electric Company, JEA, Oglethorpe Power Corporation, Mississippi Power Company, Municipal Electric Authority of Georgia, Louisville Gas and Electric Company, North Carolina Electric Membership Corporation, Tennessee Valley Authority, Georgia Power Company, Kentucky Utilities Company, South Carolina Public Service Authority, Georgia Transmission Corporation, Alabama Power Company, Associated Electric Cooperative, Inc., Duke Energy Carolinas, LLC, Duke Energy Florida, LLC, Powersouth Energy Cooperative, Duke Energy Progress, LLC, Dalton Utilities, Dominion Energy South Carolina, Inc., North Carolina Municipal Power Agency Number 1, and Georgia System Operations Corporation,

it is **ORDERED** that the motion be granted.

Circuit Rules 28(d) and 32(e)(2) govern the filing of briefs by intervenors. A schedule for the filing of briefs will be established by future order. That order will

# United States Court of Appeals
## For The District of Columbia Circuit
_____

**No. 23-1341**                                             **September Term, 2023**

automatically provide briefing only for intervenors on the side of respondent. Any intervenor(s) intending to participate in support of petitioners must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s). This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioners. Failure to submit notification could result in an intervenor being denied leave to file a brief.

      Intervenors supporting the same party are reminded that they **must** file a joint brief or certify to the court why a separate brief is necessary. Intervenors' attention is particularly directed to D.C. Circuit Handbook of Practice and Internal Procedures 39 (2021), which describes "unacceptable" grounds for filing separate briefs. Failure to comply with this order may result in the imposition of sanctions. See D.C. Cir. Rule 39.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
       Laura M. Morgan
       Deputy Clerk