**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Advanced Energy United, *et al.*, | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 23-1341 |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| Respondent. | ) | |

**PETITIONERS' OPPOSITION TO INTERVENORS'**
**MOTION TO DISMISS AND REQUEST, IN ALTERNATIVE,**
**FOR MANDAMUS RELIEF**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Circuit Rule 27, Petitioners file this response to Intervenors' June 25, 2024 motion to dismiss ("Motion to Dismiss"). ECF No. 2061588. The Court should deny the Motion to Dismiss because the plain language of the Federal Power Act and well-established principles of vacatur vest this Court with jurisdiction to review the Federal Energy Regulatory Commission ("the Commission" or "FERC") order challenged in this appeal.

Section 313(a) of the Federal Power Act affords any party "aggrieved by an order issued by the Commission" the right to "apply for a rehearing within thirty days after the issuance of such order." 16 U.S.C. § 825*l*(a). An aggrieved party that has filed a timely request for rehearing may obtain judicial review of the order if the Commission denies rehearing, whether affirmatively or by failure to act within

1

the prescribed timeframe. *Id.* § 825*l*(b), (a) (application for rehearing is deemed denied if Commission does not act upon it within 30 days).

The Commission approved the subject of this appeal, the Southeast Energy Exchange Market Agreement ("SEEM Agreement"), by operation of law ("Deadlock Order") in October 2021.[1] Petitioners timely filed requests for rehearing ("Requests for Rehearing") of the Deadlock Order. The Commission issued an order erroneously rejecting Petitioners' Requests for Rehearing as untimely ("Timeliness Order"), which this Court vacated and remanded to give the Commission an opportunity to "consider and rule upon Petitioners' application for rehearing in the first instance." *Advanced Energy United, Inc. v. FERC*, 82 F.4th 1095, 1117 (D.C. Cir. 2023) (cleaned up). Because vacatur reinstates the regulatory status quo, including agency deadlines to act, ECF No. 2054132 at 6-7, the Commission's failure to act upon Petitioners' Requests for Rehearing within 30 days of the Court's vacatur and remand[2] constitutes a denial of the Requests for Rehearing and opens the courthouse doors. *See Allegheny Def. Project v. FERC*, 964 F.3d 1, 12 (D.C. Cir. 2020) (en banc) (addressing "the filing of an application

---

[1] Intervenors attached a copy of the Deadlock Order and the accompanying Commissioner statements to their Motion to Dismiss. ECF No. 2061588, Attachment 1.

[2] The Court's mandate issued on September 19, 2023. *Advanced Energy United, Inc. v. FERC*, No. 22-1018 (D.C. Cir. Sept. 19, 2023), ECF No. 2017776.

for rehearing as a precondition to judicial review, and the effect of agency inaction within a specified time limit on opening the courthouse doors").

The Motion to Dismiss misidentifies the agency action subject to appeal here, misstates the proper procedure for challenging agency action, and provides no authority for the radical, untenable position that agencies may indefinitely toll their statutory deadlines on remand. The Court should accordingly deny the Motion to Dismiss and proceed to review the Deadlock Order.

If the Court determines that the Federal Power Act's judicial review provisions do not establish jurisdiction of this appeal, Petitioners ask, in alternative, that the Court construe the Petition as a writ of mandamus and order the Commission to rule on Petitioners' Requests for Rehearing within 30 days.

## I.    BACKGROUND

### A. Procedural History

Petitioners included a detailed procedural history of this case in their May 2, 2024 motion to govern further proceedings. ECF No. 2052585 at 3-8. Since the date of that filing, this Court has denied the Commission's motion for an additional 60-day abeyance in this case, ECF No. 2052598, and directed the Commission to file the certified index to the record by June 26, 2024. ECF No. 2058039. On June 14, 2024, the Commission issued an order requesting additional briefing in the existing administrative proceeding ("Briefing Order"), and on June 15, 2024, filed

a renewed motion asking this Court to return this case to abeyance indefinitely. ECF No. 2060020. Petitioners filed a response on June 24, 2024, urging the Court to deny the motion and proceed to review the Commission's approval of the SEEM Agreement. ECF No. 2061375.

### B. Governing Statutory Provisions

Utility proposals like the SEEM Agreement are governed by Section 205 of the Federal Power Act. "Unless the Commission otherwise orders," no proposed change in rates, rules, regulations, or contracts pertaining thereto can be made "except after sixty days' notice to the Commission and to the public." 16 U.S.C. § 824d(d). "[I]f the Commission permits the 60-day period . . . to expire without issuing an order accepting or denying the change because the Commissioners are divided two against two as to the lawfulness of the change," this failure to issue an order "shall be considered to be an order issued by the Commission accepting the change" for purposes of rehearing and judicial review. 16 U.S.C. § 824d(g)(1)(A). In such cases, Commissioners must add to the record a written statement explaining their position regarding the change. 16 U.S.C. § 824d(g)(1)(B).

Section 313(a) of the Federal Power Act provides that those "aggrieved by an order issued by the Commission . . . may apply for a rehearing within thirty days after the issuance of such order." 16 U.S.C. § 825*l*(a). In response to a timely request for rehearing, the Commission has 30 days in which it may grant or deny

the request or abrogate or modify its order without further hearing. *Id.* Should the Commission fail to act within 30 days, the request shall be deemed denied. *Id.*; 18 C.F.R. § 385.713(f). After the 30-day period expires, any aggrieved party that timely sought rehearing may obtain judicial review of the order. 16 U.S.C. § 825*l*(b).

## II.    ARGUMENT

This case presents a straightforward application of longstanding vacatur jurisprudence to the Federal Power Act's judicial review procedures. Petitioners timely sought rehearing of the Deadlock Order, which the Commission erroneously rejected as untimely without addressing the merits. This Court vacated the Commission's rejection and remanded "Petitioners' timely [Requests] for [R]ehearing" so that they "may be addressed in the first instance by the agency." *See AEU, Inc.*, 82 F.4th at 1117. In doing so, the Court reinstated the Requests for Rehearing as if the Commission had not improperly rejected them, thereby restoring a regulatory status quo ante that included the Federal Power Act's 30-day deadline for the Commission to act on rehearing. *See id.* at 1110.

Intervenors seek to subvert the Federal Power Act's carefully calibrated judicial review procedures by inserting an exception to the Commission's deadline to act on requests for rehearing in the event of vacatur and remand. Intervenors' extratextual reading would strip aggrieved parties of their right to seek judicial

review when a court finds the Commission erred in acting on the rehearing request in the first place.

Broadly, Intervenors misconstrue the object of this appeal. Petitioners seek judicial review of the Deadlock Order, not the Commission's inaction on its Requests for Rehearing or the Court's remand of the narrower order approving Intervenors' revised transmission tariffs. Petitioners submitted the Requests for Rehearing of the Deadlock Order over two and a half years ago and continue to await an assessment of their merits. Meanwhile, the Southeast Energy Exchange Market—a market that "by its design [ ] excludes existing market participants" and "evokes [historical] discriminatory practices against third-party competitors by monopoly utilities," *id.* at 1113—continues to operate, inflicting daily financial harm on Petitioners and their members. *See* ECF No. 2061375 at 14-17. Presented with multiple opportunities to revisit its actions that led to this outcome, the Commission declined. The Federal Power Act dictates that judicial review of the Deadlock Order may proceed.

If this Court determines that the Federal Power Act does not establish jurisdiction over this appeal, the Court should still deny the Motion to Dismiss and instead treat Petitioners' petition as a request for a writ of mandamus.

### A. Vacatur did not exempt the Commission from the Federal Power Act's deadlines.

#### 1. Vacatur restores the regulatory status quo, including statutory deadlines to act on remand.

Petitioners have already cited—and Intervenors made no effort to rebut—case law establishing that vacatur restores the regulatory status quo prior to the vacated action. *See* ECF No. 2052585 at 6-7; ECF No. 2054132 at 6-7; *see, e.g.*, *Indep. U.S. Tanker Owners Comm. v. Dole*, 809 F.2d 847, 855 (D.C. Cir. 1987). Accordingly, vacatur places the agency back in the position prior to its vacated action, subject to the same statutory deadlines. *See, e.g.*, *Sierra Club v. EPA*, 850 F. Supp. 2d 300, 303-04 (D.D.C. 2012); *Sierra Club v. Johnson*, 374 F. Supp. 2d 30, 32-33 (D.D.C. 2005); *Env't Def. v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.D.C. 2004). "Were the rule otherwise, an agency could take inadequate action . . . and forever relieve itself of the obligations mandated by Congress." *Oxfam Am., Inc. v. SEC*, 126 F. Supp. 3d 168, 172 (D. Mass. 2015); *see also Am. Acad. of Pediatrics v. FDA*, 330 F. Supp. 3d 657, 664 (D. Mass. 2018); *New Jersey v. Wheeler*, 475 F. Supp. 3d 308, 323-24 (S.D.N.Y. 2020).

Courts have held that vacatur restores deadlines even where the agency must take entirely new action applying the court's substantive reasoning. *See, e.g.*, *Johnson*, 374 F. Supp. 2d at 32 (discussing vacatur in *Sierra Club v. EPA*, 356 F.3d 296 (D.C. Cir. 2004)); *Env't Def.*, 329 F. Supp. 2d at 61 (discussing vacatur in *Am.*

*Corn Growers Ass'n v. EPA*, 291 F.3d 1, 6-9 (D.C. Cir. 2002)). Here, by contrast, the Commission need only act on Petitioners' Requests for Rehearing as they were initially filed in November 2021, a much less burdensome action than courts have previously required on remand within the operative statutory deadlines.

### 2. Restoring statutory deadlines upon vacatur is especially appropriate for the Federal Power Act's review procedures.

The Federal Power Act presents compelling reasons to apply the general rule that vacatur and remand restore the regulatory status quo, including statutory deadlines for judicial review.

As Intervenors emphasize, the deadline for the Commission to act on rehearing requests is part of a judicial review scheme comprised of "strict deadlines" and precise consequences. ECF No. 2061588 at 6. These timelines apply equally whether the Commission issues its order via majority vote or deadlock. *See* 16 U.S.C. §§ 824d(g), 825*l*(a)-(b). Congress enacted Section 205(g) with the specific intent of ensuring meaningful and timely review of deadlock orders. ECF No. 2055380 at 2-4 (explaining statutory scheme behind deadlock orders); *contra* ECF No. 2061588 at 10, 11-12 (suggesting that deadlock weighs in favor of dismissal). Giving the Commission unlimited time to act on rehearing requests and license to delay judicial review on remand would subvert the careful judicial review scheme created by Congress.

One strict deadline under the Federal Power Act is the 30-day "deemed denied" provision. The Act makes clear that an order on rehearing is not required before judicial review; instead, Section 313 specifically grants this Court jurisdiction over petitions for review when the Commission fails to act on a request for rehearing within the prescribed 30 days. 16 U.S.C. § 825*l*(a)-(b); ECF No. 2054132 at 4-5. Thus, the Commission is permitted—not required—to affirmatively issue an order on rehearing before judicial review proceeds. This Court has explained that the "primary intent" of the deemed denied provision is "to permit an appeal to the courts by a disappointed litigant as soon as thirty days have passed, without waiting longer for the Commission to act on his application for rehearing." *Allegheny Def. Project*, 964 F.3d at 17 (quoting *Texas–Ohio Gas Co. v. FPC*, 207 F.2d 615, 616-17 (D.C. Cir. 1953)) (construing Natural Gas Act counterpart); *Sierra Club v. FERC*, 68 F.4th 650, 646 (D.C. Cir. 2023) ("No statement of intent to act in the future, regardless of what the order containing that statement may be called, can prevent an action from becoming final if the Commission fails to decide the merits of a rehearing application within thirty days."). In short, because there is already a reviewable order, further action on that order is a narrowly cabined *option* and not a statutory requirement that can delay or prevent judicial review.

The Federal Power Act's strict rehearing and judicial review scheme thus presents an even stronger case for the ordinary effect of vacatur in restoring statutory deadlines. If the Commission could gain unlimited time in this fashion, it would incentivize procedural maneuvers that leave alternative issues unaddressed, leading to multiple rounds of judicial review when the Commission commits threshold errors. *Cf. Wheeler*, 475 F. Supp. 3d at 324 (declining to "endorse a rule by which the EPA could promulgate a plainly incomplete rule, claim that it had discharged [its] nondiscretionary duty," and then escape any further statutory consequences).[3]

### 3. Intervenors' statutory arguments do not support an exception to the general rule.

Intervenors advance additional meritless arguments based on a misreading of the Federal Power Act and misrepresentation of this case's procedural posture.[4]

First, Intervenors incorrectly state that the Commission "did everything that § 825*l* asked of it when it acted on Petitioners' request for rehearing within thirty days." ECF No. 2061588 at 5. This Court determined otherwise when it vacated

---

[3] The Commission has previously provided an alternative merits discussion after finding rehearing requests untimely. *See, e.g.*, *Cameron LNG, LLC*, 148 FERC ¶ 61,237, PP 1, 30-40 (2014). Its decision not to do so here has contributed to the lengthy delay in obtaining a merits resolution.

[4] Intervenors also misstate the record in calling SEEM a "*bilateral* energy trading platform." ECF No. 2061588 at 2 (emphasis added). "The Commission concedes that SEEM constitutes a 'multi-lateral arrangement.'" *AEU, Inc.*, 82 F.4th at 1114.

the Commission's rejection of the rehearing requests via the Timeliness Order, stripping that action of any legal effect. *See Indep. U.S. Tanker Owners Comm.*, 809 F.2d at 855.

Second, applying the statutory deadline here aligns with the Federal Power Act's plain language and the procedural history of this case. Pursuant to Section 313(a), judicial review is preconditioned upon the filing of a timely request for rehearing, at which point the Commission has 30 days to decide the merits of the request before it may be deemed denied by operation of law. *See* 16 U.S.C. § 825*l*(a); *Sierra Club*, 68 F.4th at 635 ("[W]hen the Commission failed to act on petitioners' rehearing request within thirty days, petitioners were free to deem it denied and seek judicial review."), *vacated as moot*, 2023 WL 5537562 (D.C. Cir. Aug. 25, 2023);[5] *contra* ECF No. 2061588 at 4-5. Yet, until the Court corrected the Commission's error, the Commission claimed that Petitioners had not "appl[ied] for a rehearing *within thirty days* after the issuance of the [Deadlock Order]." 16 U.S.C. § 825*l*(a) (emphasis added); *see Alabama Power Co.*, 177 FERC ¶ 61,178, at P 16 (2021); Joint Appendix 194-201, *Advanced Energy United, Inc. v. FERC*, No. 22-1018 (D.C. Cir. Jan. 23, 2023). In its order rejecting the Requests for Rehearing, the Commission chose not to address their merits in the alternative. *See*

---

[5] This opinion interpreted the functionally identical rehearing and review provisions of the Natural Gas Act and was vacated by an intervening change in law (unrelated to the Court's interpretation of those provisions).

*Alabama Power Co.*, 177 FERC ¶ 61,178, at P 18 (2021). As a result, contrary to Intervenors' assertions, the Commission *never acted* on the Requests for Rehearing in the first instance. The Court's vacatur of the Timeliness Order confirmed that Petitioners had timely sought rehearing, triggering Section 313(a)'s provisions. *AEU, Inc.*, 82 F.4th at 1110. Application of the Section 313(a) timeline on remand is thus the appropriate course of action. 16 U.S.C. § 825*l*(a).

Finally, Intervenors draw an inapt analogy to the Natural Gas Act. According to Intervenors, a Natural Gas Act provision directing courts to set "a reasonable schedule and deadline" for certain agency action on remand is evidence that Federal Power Act deadlines governing rehearing and judicial review of Commission orders do not apply on remand. ECF No. 2061588 at 7-8 (citing 15 U.S.C. § 717r(d)(3)). But the cited provision does not address the Natural Gas Act's scheme for rehearing and judicial review *of Commission orders.* 15 U.S.C. § 717r(a)-(b). Instead, Intervenors cite a separate scheme governing judicial review of actions or unlawful delay regarding a permit for certain facilities by "a Federal agency (*other than the Commission*) or State administrative agency." *See* 15 U.S.C. § 717r(d)(1), (2); *Millennium Pipeline Co., L.L.C. v. Seggos*, 860 F.3d 696, 701 (D.C. Cir. 2017) (emphasis added).

Rather than remands to the Commission under a single statute, subsection (d) involves remands to myriad federal and State agencies, subject to any number

of permitting statutes' timelines. *See* 15 U.S.C. § 717r(d)(3). And courts may find unreasonable delay under subsection (d) even before a statutory deadline has run. *See Millenium Pipeline*, 860 F.3d at 702. In those circumstances, defaulting to statutory deadlines that govern rehearing and judicial review of Commission orders would not make sense. Congress's decision to direct courts to set a schedule under subsection (d)(3) therefore has no interpretive value here. *See S. Car. Pub. Serv. Auth. v. FERC*, 762 F.3d 41, 75 (D.C. Cir. 2014) ("[W]here the texts of [these two] acts differ in some material respect, interpretations will diverge as well.").

### 4. The circumstances of this case underscore why the Federal Power Act's limits must apply.

Finally, the history of this case aptly illustrates why this Court's vacatur and remand must restore the Commission's deadline to act on rehearing requests, rather than granting the Commission the "unilateral power to indefinitely evade a deemed denial and the accompanying prospect of judicial review." *See Allegheny Def. Project*, 964 F.3d at 16.

The Commission approved the SEEM Agreement in October 2021. *See AEU, Inc.*, 82 F.4th at 1105. Petitioners timely filed the Requests for Rehearing in November 2021. *Id.* at 1105, 1110. More than two and a half years later, the Commission has not acted on the merits of the Requests for Rehearing, and the Commission's recent Briefing Order confirms that it will not do so until some indeterminate time after supplemental briefing concludes in September 2024. *See*

*Alabama Power Co*., 187 FERC ¶ 61,174, at P 53 (2024); ECF 2060020, Attachment. Meanwhile, SEEM has operated for more than 19 months with an exclusionary structure that stifles competition and entrenches monopolistic electricity rates. *See* ECF No. 2054132 at 9; ECF No. 2061375 at 15-16.

Critically, this Court has not yet evaluated the merits of Petitioners' claims regarding the Deadlock Order's approval of the SEEM Agreement. Although the Court confirmed that it "ha[d] jurisdiction over the petition," *AEU, Inc.*, 82 F.4th at 1110, the Court reasonably gave the Commission another opportunity to address the merits of the Requests for Rehearing, consistent with the Federal Power Act's rehearing requirement. But that same statutory scheme dictates that the Commission's failure to act within 30 days—let alone nine months—vests this Court with jurisdiction. *See Sierra Club*, 68 F.4th at 646 (interpreting identical Natural Gas Act deadlines governing requests for rehearing and judicial review). Intervenors' contrary theory would enable the Commission to perpetuate a lengthy delay that is flatly inconsistent with the statute and this Court's jurisprudence.

Intervenors brazenly attempt to transform these circumstances into a reason to deny this Court jurisdiction. *See* ECF No. 2061588 at 11-12. But Intervenors' prudential arguments cannot defeat statutory jurisdiction, and the Court has already rejected Intervenors' theories (regarding the purpose of remand and reviewability of the Deadlock Order) as inadequate bases for even delaying judicial review. *See*

ECF No. 2054152 at 7 (Commission arguing that Court "deliberately chose to have the Commission address Petitioners' objections to the SEEM Agreement in the first instance"); ECF No. 2055380 at 2-5 (Petitioners explaining why judicial review of the Deadlock Order is warranted); ECF No. 2058039 at 1-2 (order denying abeyance).

Petitioners have likewise already rebutted the theory that the Briefing Order justifies further delay of judicial review. As Petitioners—and dissenting Commissioner Clements—explained, the Briefing Order does not respond to this Court's mandate, fails to address the merits of Petitioners' Requests for Rehearing, and seeks briefing on questions that have already been answered in the existing record. ECF No. 2061375; *Alabama Power Co.*, 187 FERC ¶ 61,174, at P 5 (2024) (Clements, Comm'r, dissenting). For all these reasons, prompt judicial review of the Deadlock Order is especially important here.

### B. Contrary to Intervenors' assertions, mandamus relief is not necessary, but would be warranted as alternative relief.

Mandamus is available only where "no adequate alternative remedy exists." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). The Federal Power Act provides a means for Petitioners to attain relief—namely, providing for judicial review. 16 U.S.C. § 825*l*. The inapposite cases cited by Intervenors do not establish mandamus as the only means of relief here. In each cited case (unlike here), final agency action had not occurred. *See In re Tennant*, 359 F.3d 523, 527

(D.C. Cir. 2004) (noting that "there was no order from which [petitioner] could have taken an appeal," because petitioner had not sought a remedy from or initiated any proceeding before the agency); *TRAC v. FERC*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("[C]laims of unreasonable agency delay clearly [fell] into that narrow class of *interlocutory appeals* from agency action . . . ." (emphasis added)); *Wellesley v. FERC*, 829 F.2d 275, 277 (1st Cir. 1987) (explaining that petitioners complained of no final order); *In re United Mine Workers Int'l Union*, 190 F.3d 545, 550-51 (D.C. Cir. 1999) (describing how agency breached mandatory timeline for issuing final order). The Federal Power Act provides this Court with jurisdiction to review the Deadlock Order, so this Court need not reach Intervenors' arguments regarding mandamus. *See* ECF No. 2061588 at 8-11; *Sierra Club*, 68 F.4th at 646 (holding that Commission order "became final agency action subject to challenge in court when the Commission failed to decide petitioners' rehearing request within the allotted time").

Nevertheless, if the Court were to determine that it lacks jurisdiction under Section 313(b), the Court should still deny the Motion to Dismiss and issue mandamus relief. The Court has jurisdiction pursuant to 28 U.S.C. § 1651(a) to grant such relief to "effectuate or prevent the frustration of orders previously issued" and "to protect its future jurisdiction." *Potomac Elec. Power Co. v. ICC*, 702 F.2d 1026, 1032 (D.C. Cir.), *supplemented by* 705 F.2d 1343 (D.C. Cir. 1983).

Contrary to Intervenors' assertions, Petitioners meet all the prerequisites for mandamus relief. *Cf.* ECF No. 2061588 at 9-10. If judicial review is not available under Section 313(b), Petitioners lack an adequate alternative remedy. *See Am. Hosp. Ass'n*, 812 F.3d at 189. And the Commission "has a 'clear duty' to respond to [the Court's] remand." *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008); *see also Potomac Elec. Power Co.*, 702 F.2d at 1034 (given statute's "very specific timetable," prior remand "implicitly included the understanding that the Commission would respond to our mandate in a timely manner").

Moreover, "a lesser showing is necessary to justify mandamus" here because the Commission's failure to act *on remand* "defied both the [statute] and this court." *In re Ctr. for Biological Diversity*, 53 F.4th 665, 671 (D.C. Cir. 2022); *see also In re Core Commc'n*, 531 F.3d at 856 (distinguishing remand posture "from that of most of this circuit's unreasonable delay cases"). And while Intervenors claim that mandamus requires a delay of years, the case cited for that proposition explains that "a reasonable time for agency action is typically counted in weeks or months, not years." *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004); *cf.* ECF No. 2061588 at 9. That is particularly true here, where Congress prescribed a 30-day period for the Commission to act on rehearing requests prior to judicial review. This deadline supplies "content for the rule of

reason—the first and most important of the *TRAC* factors." *In re People's Mojahedin Org. of Iran*, 680 F.3d 832, 837 (D.C. Cir. 2012) (cleaned up).

The Commission's ongoing failure to act on the Requests for Rehearing—which the Briefing Order confirms will continue at least through September, totaling nearly three years since Petitioners filed their timely Requests for Rehearing, *see Alabama Power Co.*, 187 FERC ¶ 61,174, at P 53 (2024)—is unreasonable and would exceed Congress's deadline by orders of magnitude. This Court has granted mandamus for delays on remand that were comparatively less egregious given the statutory timeline. *See In re People's Mojahedin Org. of Iran*, 680 F.3d at 838 (describing Secretary's failure to, "in the last 600 days . . . make a decision which the Congress gave her only 180 days to make"). Conversely, Intervenors' reliance on *Wellesley* is inapposite because there was no statutory deadline at issue there. *See Wellesley*, 829 F.2d at 277 (citing 16 U.S.C. § 824d(e)).[6]

Intervenors' reliance on the Briefing Order as a rationale for denying mandamus also fails. *See* ECF No. 2061588 at 10. As Petitioners have explained, the Briefing Order does not satisfy the requirements of Section 313(a) or this Court's remand. *See* ECF No. 2061375 at 7-9; *AEU, Inc.*, 82 F.4th at 1110.

---

[6] Section 205(e) authorizes the Commission to set a proposed rate for hearing while suspending the rate for five months, after which the rate becomes effective subject to refunds. 16 U.S.C. § 824d(e).

Procedural maneuvers that are "not responsive to the court's remand" and "further postpone[] a final decision without any assurance of a final decision" do not justify withholding mandamus relief. *Radio-Television News Dir. Ass'n v. FCC*, 229 F.3d 269, 271-72 (D.C. Cir. 2000) (granting mandamus relief after "Commission failed to act for nine months on remand").

Intervenors argue that SEEM poses only economic harms, ECF No. 2061588 at 10, but that does not preclude the Court from granting mandamus. *See, e.g.*, *In re Core Commc'ns*, 531 F.3d at 857-58 (economic harms from rate caps). Moreover, "the nature and extent of the interests prejudiced by delay" favor mandamus relief. *TRAC*, 750 F.2d at 80. SEEM inflicts irreparable harm by excluding competitors and saddling ratepayers throughout the Southeast region with monopolistic electricity rates. *See* ECF No. 2061375 at 14-16. The lack of refund protection in this case further distinguishes it from *Wellesley*, where the First Circuit dismissed claims of prejudice because petitioners "will be refunded any extra payments they have made." 829 F.2d at 277.

Intervenors' claims regarding the Commission's competing priorities also ring hollow. *See* ECF No. 2061588 at 10-11. The Court has already rejected similar claims in denying the Commission's abeyance request. *See* ECF No. 2054152 at 5-6 (asserting that Commission has been "discharging its other responsibilities—many of which are subject to statutory deadlines"). Moreover,

Congress communicated its priorities by establishing a 30-day deadline for the Commission to respond to rehearing requests or else accede to judicial review. *Cf. Allegheny Def. Project*, 964 F.3d at 17 (explaining that Commission must seek relief from Congress if it "still cannot decide whether to grant rehearing within the timeframe that the plain statutory text affords").

Consequently, should the Court conclude that it lacks jurisdiction under Section 313(b), Petitioners alternatively request that the Court construe their petition as one for a writ of mandamus and order the Commission to address Petitioners' Requests for Rehearing on the merits within 30 days.

## III.    CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court deny the Motion to Dismiss.

Dated:        July 5, 2024                    Respectfully submitted,

                                             /s/ Maia Hutt
                                             Maia Hutt
                                             Southern Environmental Law Center
                                             601 West Rosemary Street, Suite 220
                                             Chapel Hill, North Carolina 27516
                                             (919) 967-1450
                                             mhutt@selcnc.org

                                             *Counsel for Energy Alabama, Georgia Interfaith Power and Light, North Carolina Sustainable Energy Association, Partnership for Southern*

*Equity, Southern Alliance for Clean Energy, South Carolina Coastal Conservation League, Southface Institute, Vote Solar*

/s/ Alexander Tom
Alexander Tom
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
atom@earthjustice.org

Danielle C. Fidler
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
dfidler@earthjustice.org

/s/ Caroline Reiser
Caroline Reiser
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
creiser@nrdc.org

Gillian Giannetti
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
ggiannetti@nrdc.org

*Counsel for Natural Resources Defense Council*

/s/ Todd G. Glass
Todd G. Glass
Wilson Sonsini Goodrich & Rosati, PC
501 Fifth Avenue, Suite 5100
Seattle, WA 98104
(206) 883-2571
tglass@wsgr.com

Nicholas Gladd
Wilson Sonsini Goodrich & Rosati, PC
201 Washington Street
Boston, MA 02108
(617) 598-7871
ngladd@wsgr.com

Jeremy McDiarmid
1801 Pennsylvania Avenue NW, Suite 410
Washington, DC 20006
(202) 380-1950
jmcdiarmid@advancedenergyunited.org

*Counsel for Advanced Energy United*

/s/ Ben Norris
Ben Norris
Solar Energy Industries Association
1425 K Street NW, Suite 1000
Washington, DC 20005
(202) 556-2902
bnorris@seia.org

*Counsel for the Solar Energy Industries Association*

/s/ Karl Sandstrom
Karl Sandstrom
Perkins Coie LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005-3960
KSandstrom@perkinscoie.com

*Counsel for Clean Energy Buyers Association*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this document contains 4,581 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)6) because this filing has been prepared using a proportionally spaced typeface in Microsoft Word 365 using Times New Roman 14-point.

/s/ Maia Hutt
Maia Hutt
Staff Attorney
Southern Environmental Law Center

Dated: July 5, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2024, I filed the foregoing with the Clerk of the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

/s/ Maia Hutt
Maia Hutt
Staff Attorney
Southern Environmental Law Center

Dated: July 5, 2024